EL PUEBLO DE PUERTO RICO, demandante y peticionario, *v.* HÉCTOR AROCHO SOTO, demandado y recurrido.

*Número:* CE-94-501          *Resuelto:* 29 de diciembre de 1994

*Pedro A. Delgado Hernández, Procurador General, Carlos Lugo Fiol, Subprocurador General,* y *Delmarie Vega Lugo, Procuradora General Auxiliar,* abogados de El Pueblo; *Wilson Cortés Burgos* y *Miguel A. Cabrera,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Tenemos la ocasión para aclarar lo resuelto por este Tribunal en *Pueblo v. Canino Ortiz,* 134 D.P.R. 796 (1993), y para precisar su alcance respecto al derecho de un acusado a procurar la evaluación psicológica de su víctima.

## I

El Ministerio Público presentó ante el Tribunal Superior de Puerto Rico, Sala de Aguadilla, dos pliegos acusatorios contra Héctor Arocho Soto, en los cuales le imputó la comisión de dos infracciones al Art. 105 del Código Penal de Puerto Rico. 33 L.P.R.A. sec. 4067.[1] Posteriormente, el 9 de febrero de 1994, el acusado solicitó el descubrimiento de prueba al amparo de la Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El 4 de marzo de 1994, el acusado le solicitó al tribunal de instancia que ordenase que la ni-

---

[1] Actos lascivos e impúdicos.

ñita de 5 años de edad, quien se alega fue la víctima de los actos lascivos por parte del acusado, fuese examinada psicológicamente por un perito contratado por la defensa. Dicha solicitud se fundamentó exclusivamente en lo resuelto en *Pueblo v. Canino Ortiz*, supra. El Ministerio Público se opuso al examen y a la evaluación psicológica de la niña menor de edad, ya que el acusado no había justificado el motivo o la pertinencia de la solicitud presentada. El 10 de abril de 1994, el tribunal de instancia, mediante una resolución, autorizó que un perito del acusado evaluara psicológicamente a la menor. Fundamentó su resolución en el derecho del acusado a informarse y a preparar adecuadamente su defensa, y en el caso de *Pueblo v. Canino Ortiz*, supra.

El 6 de mayo de 1994, el Ministerio Público presentó una moción de reconsideración. Posteriormente, el 17 de mayo de 1994, el tribunal celebró una vista para discutir las mociones presentadas en relación con el descubrimiento de prueba y la evaluación psicológica. El 9 de junio de 1994, el foro de instancia declaró sin lugar la moción de reconsideración del Ministerio Público. En esta resolución el tribunal amplió su resolución original e incluyó unas órdenes protectoras a ser observadas durante la evaluación de la menor perjudicada.

Inconforme, el 9 de junio del 1994, el Ministerio Público presentó ante nos un recurso de *certiorari*. El 14 de julio de 1994, presentó una moción en auxilio de jurisdicción en la que solicitó la paralización de los procedimientos en el tribunal de instancia en lo que se evaluaba su petición de *certiorari*. El 15 de julio de 1994, una Sala Especial de Verano[2] nuestra ordenó unánimemente la paralización de los procedimientos en dicho foro y concedió al acusado treinta días para que mostrase causa por la cual no debía-

---

[2] Sala Especial de Verano integrada por el Juez Asociado Señor Rebollo López, como su Presidente, la Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri.

mos revocar la Resolución de 14 de junio de 1994 que ordenó el examen pericial de la menor perjudicada. El acusado ha comparecido. Procedemos a resolver.

## II

Nos toca resolver si el tribunal de instancia actuó correctamente al ordenar que la niña de 5 años perjudicada en este caso, fuese evaluada de forma involuntaria por un perito psicólogo contratado por el acusado.

Nuestro sistema de justicia criminal reconoce el derecho de todo acusado a preparar adecuadamente su defensa y a obtener, mediante descubrimiento de prueba, la evidencia que pueda favorecerle. Reiteradamente hemos resuelto que el derecho al descubrimiento de prueba es consustancial con el derecho de todo acusado a defenderse en un proceso criminal en su contra. *Pueblo v. Echevarría Rodríguez I*, 128 D.P.R. 299 (1991); *Pueblo v. Rodríguez Sánchez*, 109 D.P.R. 243 (1979); *Pueblo v. Tribunal Superior*, 102 D.P.R. 470 (1970); *Hoyos Gómez v. Tribunal Superior*, 90 D.P.R. 201 (1964).

Lo anterior, no obstante, el aludido derecho del acusado no es absoluto. *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653 (1985); *Pueblo v. Dones Arroyo*, 106 D.P.R. 303 (1977). Como hemos resuelto ya, el ámbito del derecho del acusado al descubrimiento de prueba está delimitado, como norma general, por lo dispuesto en las Reglas 94, 95 y 95B de Procedimiento Criminal de Puerto Rico, 34 L.P.R.A. Ap. II, *ninguna de las cuales autoriza expresamente que un acusado pueda obligar a la víctima de sus presuntos actos a que se someta a una evaluación psicológica.* Más aún, "[e]l descubrimiento de prueba que rebasa el texto de [estas] Regla[s] y busca apoyo en el debido proceso de ley no es un recurso a invocarse livianamente. Está muy lejos de ser una patente de corso

que en forma indiscriminada permita ... o facilite al acusado cuanta evidencia puede relacionarse con el caso criminal". *Pueblo v. Rodríguez Sánchez*, supra, págs. 246–247.

■ El aludido derecho del acusado al descubrimiento de prueba está particularmente limitado cuando incide sobre el derecho a la intimidad de la víctima u de otro testigo. El derecho a la intimidad y a la integridad personal vedan el uso de exámenes o de pruebas científicas, como los que aquí interesa el acusado, excepto cuando éste demuestre una clara necesidad para ello. Poniendo en una balanza los intereses en conflicto, la necesidad de dicho examen tiene que ser mayor que el perjuicio que se cause a la intimidad e integridad de la persona a ser evaluada contra su voluntad. Así lo ha resuelto el Tribunal Supremo federal en el contexto de un proceso criminal. *Winston v. Lee*, 470 U.S. 753 (1985).

■ En varias jurisdicciones estatales se ha resuelto que los tribunales tienen discreción para ordenar o no ordenar las evaluaciones periciales involuntarias a la víctima, solicitadas por el acusado. *Kitchen v. State*, 607 S.W.2d 345 (1980); *Ballard v. Superior Court of San Diego County*, 410 P.2d 838 (Ca. 1966); *People v. Chard*, 808 P.2d 351 (Colo. 1991); *People v. Woertman*, 786 P.2d 443 (Colo.1989); *Holder v. State*, 396 N.E.2d 112 (1979); *State v. Gregg*, 602 P.2d 85 (Ka. 1979); *State v. R.W.*, 514 A.2d 1287 (1986); *State v. Tobias*, 769 P.2d 868 (Wash. App. 1989); *State v. Demos*, 619 P.2d 968 (Wash. 1980); *State v. Braxton*, 580 P.2d 1116 (Wash. 1978). Sin embargo, también se ha resuelto que al ejercitar dicha discreción, los tribunales deben buscar un balance entre el derecho de un acusado a un juicio justo y la intromisión con los intereses privados de la víctima. *Moor v. State*, 709 P.2d 498 (Alaska 1985); *People v. Chard*, supra. Por ello, la tendencia en la mayor parte de las jurisdicciones estatales, igual que en la federal, es a exigirle al acusado que demuestre una razón o

necesidad clara de la evaluación pericial antes de que sea ordenada. *People v. Chard*, supra; *Moor v. State*, supra; *State v. LeBlanc*, 558 So. 2d 507 (1990); *State v. Nelson*, 453 N.W.2d 454 (1990); *Holder v. State*, supra; *State v. R.W.*, supra; *State v. Gregg*, supra; *Ballard v. Superior Court of San Diego County*, supra; *State v. Braxton*, supra; *People v. Woertman*, supra. Se ha reconocido en estas jurisdicciones estatales que la naturaleza intimidante y embarazosa de un examen psicológico puede aumentar el trauma emocional que sufre la víctima; que puede tener el efecto, además, de llevar a la víctima a inhibirse de informar la comisión de los delitos de abuso sexual en su contra, y que puede atemorizar de tal manera a la víctima que ésta llegue al punto de negarse a declarar en el juicio. Es por estas razones que, con justificación, se ha requerido que el acusado demuestre un interés en la evaluación de la víctima lo suficientemente importante como para justificar una invasión al derecho a la intimidad de la víctima en cuestión.

En Puerto Rico, donde el derecho a la intimidad goza de especial protección, por su exaltado rango constitucional —*E.L.A. v. Hermandad de Empleados*, 104 D.P.R. 436 (1975); *Figueroa Ferrer v. E.L.A.*, 107 D.P.R. 250 (1978); *Colón v. Romero Barceló*, 112 D.P.R. 573 (1982); *Arroyo v. Rattan Specialties, Inc.*, 117 D.P.R. 35 (1986); *Pueblo v. De León Martínez*, 132 D.P.R. 746 (1993)— no podemos hacer menos que lo que se ha dispuesto en las jurisdicciones aludidas. Adoptamos, pues, las normas de razonabilidad eminente mencionadas antes.

### III

En el caso de marras, en el cual la víctima es una niña de 5 años, el acusado no ha demostrado una razón o justificación válida para que la menor sea evaluada psicológicamente. En esencia, se ha limitado a señalar que

su solicitud se fundamenta en lo resuelto en *Pueblo v. Canino Ortiz*, supra.

■ El caso *Pueblo v. Canino Ortiz*, supra, se distingue del caso de marras. Es, hasta cierto punto, inaplicable a los hechos en cuestión. En *Pueblo v. Canino Ortiz*, supra, no se trataba con el asunto del derecho del acusado a descubrimiento de prueba. Ello es de decisiva importancia en el caso ante nos ahora, ya que, según hemos establecido antes, la extensión y el contenido de los derechos del acusado en el ámbito procesal varían dependiendo de la etapa del procedimiento en la cual se invocan. *Pueblo v. Rodríguez Aponte*, supra. En *Pueblo v. Canino Ortiz*, supra, lo que estaba en controversia era la admisibilidad *durante el juicio* de prueba pericial en un caso de abuso sexual. Allí aprobamos la utilización de este tipo de testimonio, a los fines de que se pasase prueba sobre las características generales que de ordinario exhiben las víctimas de abuso sexual y que se dilucidase si en la opinión del perito la víctima había sido objeto de abuso sexual o no. No obstante, resaltamos que la función de adjudicar credibilidad pertenecía al juzgador de los hechos y que no se debía permitir que el perito testificara respecto de la veracidad o confiabilidad del testimonio de la víctima.

■ Nuestros pronunciamientos en *Pueblo v. Canino Ortiz*, supra, pues, no tienen el alcance de otorgar una carta blanca a los acusados para someter indiscriminadamente a las víctimas de abuso sexual a exámenes y pruebas científicas involuntarias, sobre todo cuando se trata de víctimas tan vulnerables como lo es una niña de 5 años de edad. Dichos pronunciamientos se limitan a reconocer que el testimonio pericial durante el juicio es una herramienta de gran ayuda al juzgador de los hechos al decidir sobre la inocencia o culpabilidad de un acusado y que no hay necesidad de excluirlo en los casos que ameriten su uso.

■ En este caso, el tribunal de instancia abusó de su

discreción al emitir la orden recurrida, ya que el acusado no estableció la justificación necesaria para que la víctima fuese evaluada psicológicamente. El acusado no adujo hechos u otra evidencia que demostraran que la evaluación psicológica era claramente necesaria ni que los beneficios que obtendría sobrepasaban las consecuencias perjudiciales que podría ocasionarle a la víctima. Una orden como la que dictó el foro a quo en este caso no debe emitirse livianamente sin el debido cuidado. Sólo debe concederse cuando se justifique la necesidad para exigirla, para sopesarla con los intereses de la víctima afectada. En el caso de marras ello no se hizo, por lo que no procedía la orden del examen psicológico de la víctima.

Por los fundamentos antes expuestos, *se dictará sentencia que revoque la resolución del Tribunal Superior, Sala de Aguadilla, la cual ordenó que la víctima fuese sometida a un examen psicológico por un perito del acusado.*

El Juez Asociado Señor Rebollo López disintió sin opinión escrita. El Juez Asociado Señor Hernández Denton disintió con una opinión escrita.

## — O —

Opinión disidente emitida por el Juez Asociado Señor Hernández Denton.

Mediante un recurso de *certiorari* comparece ante nos el Ministerio Público y solicita que revoquemos una resolución del Tribunal Superior, Sala de Aguadilla, que, al ampararse en el derecho de todo acusado a descubrir prueba, autoriza a la defensa a contratar un psicólogo perito para evaluar a una menor de cinco (5) años, alegada víctima de actos lascivos e impúdicos. La opinión mayoritaria revoca el dictamen del tribunal de instancia y adopta un estándar de "clara necesidad" como requisito esencial para poder someter a una persona a un examen psicológico. Por conside-

rar que, al requerirle a todo acusado una demostración previa de "clara necesidad", limita innecesariamente la discreción de los tribunales para evaluar este tipo de petición y socava el derecho del acusado a defenderse, disentimos.

## I

Como parte del procedimiento de descubrimiento de prueba, Héctor Arocho Soto, acusado de infringir el Art. 105 del Código Penal, 33 L.P.R.A. sec. 4067 (actos lascivos e impúdicos), solicitó permiso del Tribunal Superior para que un perito psicólogo contratado por él le hiciera una evaluación psicológica a la alegada víctima. Su solicitud se basó fundamentalmente en el caso *Pueblo v. Canino Ortiz*, 134 D.P.R. 796 (1993), que dispone que el testimonio pericial sobre la condición psicológica de un niño abusado sexualmente es admisible en un juicio. El Ministerio Público se opuso a la solicitud al alegar que la defensa no había justificado el motivo o pertinencia de dicha evaluación.

Fundamentándose en el derecho del acusado a informarse y prepararse adecuadamente, y en *Pueblo v. Canino Ortiz*, supra, el tribunal de instancia autorizó al perito a evaluar a la menor. Luego de celebrar una vista, el tribunal declaró sin lugar una moción de reconsideración del Ministerio Público. En esta última resolución, incluyó una orden protectora que había de ser observada durante la evaluación de la menor, la cual establece un procedimiento riguroso para salvaguardar los derechos de las partes. Esta incluye lo siguiente: (1) que la menor será evaluada por un psicólogo; (2) que no se llevará a cabo un interrogatorio ni una deposición durante la evaluación; (3) que la menor será llevada por su madre y acompañada por una representante de fiscalía; (4) que la defensa informará la fecha de evaluación con, por lo menos, quince (15) días de

antelación y proveerá los gastos de transportación de los tutores; (5) que se le proveerá una copia de la evaluación psicológica al Ministerio Público; (6) que de ser necesaria cualquier autorización u orden deberá consultarse al tribunal; (7) que podrá estar presente un psicólogo del Estado el día de la evaluación, y (8) que no podrán estar presente en la evaluación el abogado de la defensa, el acusado ni ninguna otra persona que no sea la madre de la niña, la representante legal de fiscalía o cualquier persona autorizada por la madre.

Por entender que esta resolución provee un balance adecuado entre el derecho a la intimidad de la menor y el derecho del acusado a prepararse adecuadamente para el juicio, por lo que resulta innecesario requerirle al acusado que demuestre con claridad su necesidad de examinar a la víctima, disiento de la opinión mayoritaria.

## II

Como bien expresa la opinión de la mayoría, el derecho del acusado al descubrimiento de prueba es "consustancial al derecho de todo acusado a defenderse [de] un proceso criminal en su contra". *Pueblo v. Echevarría Rodríguez I*, 128 D.P.R. 299, 324 (1991). Véanse:; *Pueblo v. Tribunal Superior*, 102 D.P.R. 470 (1970); *Hoyos Gómez v. Tribunal Superior*, 90 D.P.R. 201, 204 (1964). Aunque es de amplia base estatutaria, este derecho está cobijado además por la Carta de Derechos de nuestra Constitución. *Pueblo v. Rodríguez Sánchez*, 109 D.P.R. 243, 246 (1979). Ambas fuentes le conceden al acusado diversos mecanismos para informarse del procedimiento en su contra y, de este modo, prepararse adecuadamente.

No obstante ello, hemos reconocido que el derecho del acusado a descubrir prueba no es absoluto. *Pueblo v. Dones Arroyo*, 106 D.P.R. 303 (1977). Al evaluar toda solicitud de descubrimiento, los tribunales debemos cerciorarnos de

que se mantenga siempre un balance adecuado entre, por un lado, el interés del acusado en preparar su defensa adecuadamente, y por otro, el interés del Ministerio Público en la confidencialidad e intimidad de las alegadas víctimas. Conscientes de ello, en *Pueblo v. Rodríguez Sánchez*, supra, pág. 248, expresamos:

> El descubrimiento de prueba en el proceso criminal debe enancharse hasta donde permita la competencia entre el interés del acusado en su defensa y la confidencialidad de determinados documentos y expedientes, moderada por una discreción judicial que habrá de decidir si la utilidad que para la defensa representa esa prueba supera los intereses del Estado y de terceras personas a cuya protección va dirigida la norma de secretividad.

La discreción judicial referida ha sido, indiscutiblemente, determinante al momento de admitir o denegar el descubrimiento de prueba en casos criminales. De hecho, nuestra función al revisar dichas determinaciones se ha limitado a examinar si hubo abuso de discreción. A tales efectos, en *Pueblo v. Dones Arroyo*, supra, determinamos que el juez de instancia no había abusado de su discreción al denegar una petición para descubrir prueba del Ministerio Fiscal. Íd., pág. 314. Por otro lado, en *Meléndez, F.E.I.*, 135 D.P.R. 610, 622 (1994), dispusimos que siempre que los tribunales se cercioren de que existe justificación para el ejercicio de dicha discreción,

> ...no exist[irá] impedimento para que un magistrado, a solicitud del Ministerio Público, ordene la citación y comparecencia de un sospechoso o imputado a una vista ... para que [éste] ... sea sometido al examen de que se trate, estando facultado el tribunal para ordenar[lo] a someter el espécimen o muestra solicitada de entender el magistrado que existe justificación para ello.
> ... Más aún, en los casos apropiados, podrán proveerse las órdenes protectoras que sean necesarias para evitar la onerosidad en los procesos y la opresión de los sospechosos e imputados.

Precisamente, esto fue lo que hizo el tribunal de instan-

cia en el caso de marras. Luego de evaluar la solicitud del acusado, el tribunal determinó que para salvaguardar su derecho a defenderse adecuadamente era necesario autorizar el descubrimiento solicitado. Al mismo tiempo, y para proteger el derecho a la intimidad de la menor, emitió una orden protectora que disponía cómo habría de llevarse a cabo el examen psicológico. No obstante ello, la mayoría consideró que, al no requerirle al acusado una demostración de que tenía una clara necesidad de llevar a cabo tal examen, dicho tribunal incurrió en un abuso de discreción. Discrepamos.

## III

Aunque coincidimos con la opinión mayoritaria en que, bajo ciertas circunstancias, el derecho del acusado al descubrimiento de prueba debe ceder ante el derecho a la intimidad de la alegada víctima del delito, consideramos que exigirle al acusado una demostración previa de "clara necesidad", "interés apremiante" o "necesidad imperiosa" es en extremo injusto y oneroso para éste, además de innecesario. No importa cómo se le describa, el criterio adoptado por la mayoría es, para todos los efectos prácticos, el de interés apremiante. En otras palabras, se trata del "mismo perro con distinto collar". Veamos.

En apoyo de su determinación, la opinión mayoritaria dispone que la gran mayoría de las jurisdicciones estatales ha exigido que el acusado demuestre una clara necesidad de llevar a cabo un examen pericial de la alegada víctima como requisito sine qua non para ordenarlo. A la luz de ello, concluye que en una jurisdicción como la nuestra, donde el derecho a la intimidad es de tan alto rango, este requisito debe adoptarse. Estos casos no son, sin embargo, directamente aplicables al caso de marras. Si bien en el caso de autos el propósito ulterior de llevar a cabo un examen psicológico era impugnar la credibilidad de la menor,

en todos los casos citados por la mayoría la solicitud para ordenar a la víctima a someterse a un examen psicológico tenía el único propósito de impugnar su capacidad para declarar en el juicio. Véanse, *e.g.*: *Kitchen v. State*, 607 S.W.2d 345 (1980); *Moor v. State*, 709 P.2d 498 (Alaska 1985); *State v. Demos*, 619 P.2d 968 (Wash. 1980); *Ballard v. Superior Court of San Diego County*, 410 P.2d 838 (Cal. 1966).

Nos llama la atención que en la gran mayoría de estos casos el criterio rector utilizado por los tribunales es el de "interés apremiante" (*compelling interest*). Véanse, *e.g.*: *State v. Demos*, supra; *Ballard v. Superior Court of San Diego County*, supra. Al apoyar su tesis en estos casos, la opinión mayoritaria, en efecto, adopta el requisito de "interés apremiante", independientemente de que lo describa como "clara necesidad".

En Puerto Rico una solicitud, como la presentada en los casos citados por la mayoría, sería improcedente no por falta de una demostración de "clara necesidad", sino más bien porque no lo permitiría la Ley Núm. 42 de 7 de junio de 1988, que enmendó la Regla 37 de Evidencia, 32 L.P.R.A. Ap. IV, relativa a la descalificación de testigos. Dicha enmienda dispuso que, a modo de excepción, el tribunal no examinara la capacidad del testigo para comprender la obligación de decir la verdad cuando el testigo fuera la víctima de un delito sexual y éste no hubiera cumplido catorce (14) años de edad. 32 L.P.R.A. Ap. IV.[1] Esta disposición, no existente en las jurisdicciones estatales citadas por la mayoría, prácticamente coartó el derecho de todo acusado a contrainterrogar a su alegada víctima para impugnar su competencia como testigo.

Ante esta realidad —única en Puerto Rico— no concederle al acusado (salvo luego de una demostración de "cla-

---

[1] Nótese que lo que prohíbe esta regla es impugnar la capacidad —y no la credibilidad— de un testigo menor de catorce (14) años que fue víctima de un delito sexual.

ra necesidad") el derecho a examinar a la menor, socavaría enormemente el derecho del acusado a defenderse adecuadamente. Ello es así, puesto que impugnar la credibilidad de la alegada víctima de un delito sexual constituye muchas veces la única defensa disponible para el acusado en estos casos.

Cabe señalar, sin embargo, que a pesar de aplicarse la jurisprudencia estatal al caso de autos, ésta no resultaría incompatible con la determinación del tribunal de instancia, puesto que lo que ha resuelto la gran mayoría de las jurisdicciones estatales es que los tribunales de instancia tendrán discreción para conceder o no este tipo de solicitud. En el ejercicio de su discreción y tomando las debidas precauciones, el tribunal de instancia —en el caso de marras— optó por concederle a la defensa la solicitud requerídale. Consideramos prudente dicha determinación y le otorgaríamos deferencia.

Una vez más, reconocemos que hay veces en que el derecho del acusado al descubrimiento de prueba choca con el derecho de la alegada víctima a su intimidad, pero entendemos que aquí este último derecho queda adecuadamente protegido mediante la orden protectora. Por estas razones, reiteramos que, independientemente de si se le requiere al acusado demostrar un "interés apremiante", una "clara necesidad" o una "necesidad imperiosa", la decisión de este Tribunal es injusta y onerosa, y socava el derecho del acusado a defenderse en este proceso criminal que se ha iniciado en su contra.

Por todo lo anterior, disentimos.