# 2001 DTA 170

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VII DE CAROLINA-FAJARDO**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

SANDRA LEE GUZMAN RIVERA, VICTOR RIVERA GONZALEZ
Recurridos

Núm. KLCE-01-00402

Panel integrado por su Presidente, el Juez Miranda De Hostos,
y los Jueces Hernández Torres y Martínez Torres

Hernández Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos el Procurador General (en adelante el Procurador) y nos solicita la revisión de la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el día 8 de marzo de 2001, en el caso de *Pueblo de Puerto Rico. v. Sandra Lee Guzmán y Víctor Rivera González*. Mediante la misma, el tribunal de instancia dispuso la forma en que se evaluaría al menor Dimitri Rivera Guzmán (en adelante el menor), para determinar si se celebraría la vista preliminar mediante circuito cerrado al amparo de la Regla 131(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 131(a).

Luego de estudiado los hechos y el derecho aplicable, revocamos la resolución recurrida.

## I

Los hechos procesales relevantes en la presente controversia son los siguientes. Sandra Lee Guzmán Rivera (en adelante Guzmán) fue denunciada por el Artículo 96 del Código Penal (Mutilación) e Infracciones a los Artículos 52 y 53 de la Ley 342 del 16 de diciembre de 1999, (maltrato de menores y maltrato de menores por negligencia). Se le imputa haber colocado la mano izquierda de su hijo de seis (6) años, en un hornilla encendida de una estufa eléctrica, lo que provocó que la mano del menor quedara mutilada y con quemaduras de segundo y tercer grado. Se le imputa, además, maltrato físico y maltrato por negligencia al no conducir al menor al hospital para recibir el tratamiento médico correspondiente.

Por otro lado, a Víctor L. Rivera González (en adelante Rivera), padre del menor, se le imputa maltrato por negligencia al faltar a su deber de supervisión y protección al menor.

Se determinó causa probable a ambos y se señaló la fecha de 18 de enero de 2001 para la celebración de la vista preliminar. En esa misma fecha, la defensa hizo planteamientos sobre procesabilidad de la imputada y solicitó al tribunal que siguiera lo establecido en las Reglas 240 y 241 de las Reglas de Procedimiento Criminal.

El Ministerio Público, por su parte, presentó moción al amparo de la Regla 131.1 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 131.1 para que el menor, víctima de los delitos imputados a los recurridos, declarara bajo el sistema televisivo de circuito cerrado.

El 27 de febrero de 2001, la defensa de Guzmán presentó dos mociones, en una de las cuales solicitó que la imputada fuera examinada por un perito de la defensa, ante la posibilidad de que se invocara su inimputabilidad o responsabilidad aminorada y solicitó además acceso a los expedientes de ésta del Departamento de la Familia y de la Administración de Servicios de Salud Mental. En la otra moción, la defensa solicitó que el menor fuera sometido a examen de sus peritos, para ser evaluado en relación con la necesidad de que su testimonio sea prestado mediante el sistema de circuito cerrado. El Ministerio Público se opuso firmemente a dicha solicitud bajo el fundamento de que someter al niño a ulteriores exámenes iba en contravención con el propósito legislativo de la Ley 247 del 15 de agosto de 1998, la cual creó la Regla 131.1, *supra*, al someter al menor a daños emocionales adicionales a los ya sufridos.

El Ministerio Público también invocó el caso de *Pueblo v. Arocho Soto*, 137 D.P.R. 762 (1994), en el cual el Tribunal Supremo exigió una clara necesidad para someter a un menor víctima de delito a exámenes por peritos de la defensa.

No obstante, el Tribunal de Primera Instancia accedió a la solicitud de la defensa y resolvió que el menor podía ser evaluado en tres sesiones de dos horas cada una por los dos peritos de la defensa. El menor asistiría acompañado por el perito del Estado y por la asistente a víctimas o por la trabajadora social a cargo del caso. El tribunal de instancia señaló además para el 27 de abril de 2001, la vista para determinar la necesidad de celebrar la vista preliminar por circuito cerrado al amparo de la Regla 131.1 de Procedimiento Criminal, *supra*. También señaló las fechas para la vista preliminar dependiendo de si se determinaba la necesidad o no de la utilización del circuito cerrado.

El Procurador General, no conforme con tal determinación, acude ante nos el 4 de abril de 2001, mediante recurso de *certiorari* y moción en auxilio de jurisdicción y nos señala la comisión del siguiente error por parte del Tribunal de Primera Instancia:

*"Erró el Tribunal de Primera Instancia al ordenar que el menor, víctima de los delitos imputados, fuera examinado por peritos de la defensa, antes de celebrarse la vista preliminar, en relación con la necesidad de que el testimonio del menor en la vista preliminar se presentara mediante circuito cerrado de televisión."*

El 5 de abril de 2001, este Tribunal emitió resolución en la cual declaramos Ha Lugar la moción en auxilio de jurisdicción presentada por el Procurador General y paralizamos los procedimientos ante el tribunal de instancia

hasta la solución de la presente controversia.

Estudiado los escritos de las partes, así como la resolución del Tribunal de Instancia, la ley y la jurisprudencia aplicable, estamos en posición de resolver.

## II

Es innecesario narrar la situación prevaleciente con relación al incremento alarmante de casos en los cuales la víctima es un menor de edad. Esto ha sido ampliamente reconocido por el Estado. De hecho, la Ley de Protección y Asistencia a Víctimas y Testigos en su declaración de Política Pública, 25 L.P.R.A., Sec. 972, dispone:

*"Es política pública del Estado Libre Asociado de Puerto Rico proveer protección y asistencia a las víctimas y testigos en los procesos judiciales que se ventilen en los tribunales, así como durante las investigaciones que se realicen para promover su cooperación y participación plena y libre de intimidación en esos procesos.*

*En el caso de menores víctimas y testigos de delito o falta, se procurará que siempre se sientan apoyados y protegidos durante las diferentes etapas de los procesos judiciales. Dado que en la última década el número de casos en que los menores son víctimas o testigos de delitos o faltas, ha incrementado, y que la investigación de éstos tiende a ser más compleja y conlleva una gran cantidad de recursos humanos, es preciso establecer la más rigurosa coordinación interagencial y la mayor flexibilidad posible para reducir cualquier daño sicológico que tales procesos puedan causarles, así como tomar medidas protectoras para evitar que se sientan intimidados durante los mismos. De esta manera, no sólo se promueve su participación en los procesos judiciales, sino que nos aseguramos que se sientan apoyados y protegidos durante todo el proceso."*

Estos casos son complejos, no sólo por la gravedad de las alegaciones, sino también por las partes que están en conflicto, ya que en la mayoría de las ocasiones los acusados están relacionados íntimamente con el menor, como lo son sus padres, madres, abuelos o abuelas.

La Ley Núm. 31, del 16 de marzo de 1995, adicionó la Regla 131.1 a las Reglas de Procedimiento Criminal vigentes. Esto a los fines de autorizar el testimonio de la víctima en los casos de delitos contra menores de dieciocho (18) años mediante el sistema televisivo de circuito cerrado de una vía y estableció el procedimiento a seguir para ello.

Dicha ley, según consta en su exposición de motivos así como en el historial legislativo, reconoce la gravedad de los casos en que los menores son víctimas de abuso por parte de quienes se supone los quieran y los protejan más, sus familiares.

Se señala en dicha legislación, el interés apremiante del Estado de proteger la vida, el bienestar y la salud física y emocional de los menores. Por ello, el Estado tiene el poder para, sin violentar los derechos constitucionales de los acusados, hacer menos traumático a los menores víctimas de abuso, todo el proceso judicial al cual se enfrentarán. Por éstas y muchas otras consideraciones, la Asamblea Legislativa de Puerto Rico aprobó la Ley 31, *supra*.

El diario de Sesiones de la Cámara de Representantes del 17 de octubre de 1994, da cuenta del debate que en torno a esta Ley se llevó a cabo y demuestra cuán consciente estaba el legislador de los posibles cuestionamientos de tipo constitucional que pudieran plantearse en cuanto a la validez de la misma.

El señor Representante Vega Borges, entonces Presidente de la Comisión de lo Jurídico Penal de la Cámara de Representantes, y quien tuviera la responsabilidad de la presentación del entonces proyecto de Ley (P. de la C. 508), señaló lo siguiente:

*"La Regla 131 de Procedimiento Criminal dispone específicamente que todo acusado tiene que declarar en un juicio, en vistas públicas, excepto cuando al acusado se le imputan los delitos de incesto, violación, sodomía,*

*actos lascivos o impúdicos, donde el testigo, la persona que fue víctima, va a declarar en sala frente al acusado, frente al fiscal, ante el juez, y se excluye al público.*

*El Proyecto de la Cámara 1508 adiciona una regla de Procedimiento Criminal, que es la Regla 131(A), con el propósito de que cuando la víctima sea un menor de edad, éste pueda declarar mediante circuito cerrado."*

Añade en su turno de exposición, el Representante Vega Borges:

*"¿Por qué es necesario que se adicione una Regla 131(A) a las Reglas de Procedimiento Criminal como dispone este Proyecto?*

*Si analizamos algunos casos contra los menores, no proceden en los tribunales. ¿Y por qué no proceden? No es porque no se tenga la prueba, es porque el menor se siente intimidado cuando ve ante su consideración y allí presente al acusado, y muchos de estos casos que se cometen contra menores, algunos de ellos, son por delitos sexuales."*

Tanto el Tribunal Supremo de los Estados Unidos como el Tribunal Supremo de Puerto Rico, han señalado que lo más importante para salvaguardar los derechos de un acusado es que éste disfrute del derecho de confrontarse con los testigos de cargo y el derecho de contrainterrogarlos, cumpliéndose así con el debido proceso de ley.

En *Pueblo v. Ruiz Lebrón*, 11 D.P.R. 435 (1981), el Tribunal Supremo de Puerto Rico equipara el derecho a confrontación con el derecho a contrainterrogar. Pertinente al análisis del proyecto, se resuelve que en la confrontación que garantizan la Sexta Enmienda y el Art. II, Sec. II de nuestra Constitución, se cumple con la oportunidad de contrainterrogar sin que sea indispensable la presencia del acusado. Más aún, señala el Tribunal que la confrontación [n]o está irremisiblemente atada al encuentro físico, al enfrentamiento nariz con nariz entre testigo y acusado.

El Tribunal Supremo de los Estados Unidos ha pasado juicio sobre la constitucionalidad del uso de circuito cerrado en circunstancias especiales y ha establecido que esta Regla es constitucional, ya que para determinar si el procedimiento de circuito cerrado será utilizado, un juez previamente celebrará una vista de necesidad. En esta vista estará presente el acusado, el fiscal, el abogado del acusado, el juez y los peritos, quienes tendrán que demostrar que el menor, al estar en presencia del acusado, se verá imposibilitado de prestar una declaración en su contra. Una vez establecido eso, procederá la utilización del sistema de circuito cerrado.

Con el pasar del tiempo, los contornos del derecho a la confrontación consagrada en la Sexta Enmienda Federal, han sido definidos en el sentido de que la oportunidad adecuada de contrainterrogar satisface la cláusula del derecho al careo aún en ausencia de confrontación física. *Pointer v. Texaco*, 380 U.S. 400 (1965); *California v. Green*, 399 U.S. 149 (1970).

Tanto en la Ley Núm. 247, *supra*, como la Ley 31, *supra*, el juez es quien determinará la necesidad de que el menor testifique por el sistema de circuito cerrado de una o dos vías.

La letra de la ley y su intención legislativa es clara al señalar que dicha determinación le corresponde al juez teniendo en cuenta si existe la probabilidad de que el menor sufra disturbio emocional serio que pueda impedirle comunicarse efectivamente. Para ello, el juez observará e interrogará al menor dentro o fuera del tribunal, podrá escuchar testimonios de los padres, encargados, custodios, tutor o defensor judicial del menor y cualquier otra persona que entienda necesaria para tomar una determinación.

En ninguna parte de las mencionadas leyes, ni en el historial legislativo de las mismas, se autoriza al juez a ordenar que peritos de la defensa o de la fiscalía, fuera del tribunal y, por tanto, sin el control del juez sobre el proceso, expongan al menor a un interrogatorio pericial. Nada impide que el juez utilice peritos para que éstos

testifiquen sobre aspeptos importantes, pero ello dentro del procedimiento que establece la ley.

La presencia del juez, así como de las personas que por disposición de la misma pueden estar en esa determinación de necesidad, es una garantía que evitará la probabilidad de que el menor no sufra más daños o disturbio emocional del que haya tenido desde que fue víctima del alegado maltrato.

Una vez determinada la necesidad de la declaración, el juez ordenará que el proceso se ventile mediante el circuito cerrado de una o dos vías.

### III

En el caso de autos, el tribunal de instancia determinó que el menor sería evaluado por los peritos de la defensa por dos horas diarias durante tres días, ésto sin la participación directa del tribunal. Luego de evaluar la Regla 131.1, en ningún lugar dispone este tipo de procedimiento para evaluar al menor; dicha Regla dispone claramente el procedimiento a seguir y así debe ser efectuado por el Tribunal de Primera Instancia.

Por lo tanto, resolvemos que el juez podrá celebrar una vista para determinar la necesidad de si existe la probabilidad de que el menor sufra disturbios emocionales serios que le impidan comunicarse efectivamente de tener que testificar frente a los acusados. En la misma podrán estar presentes los peritos de ambas partes que puedan entrevistar al menor en presencia del juez exclusivamente sobre el aspecto de necesidad. Todo ello bajo las disposiciones generales de la Ley de Protección de Testigos y las Reglas de Procedimiento Criminal para la etapa en que se encuentra el caso.

### IV

Por los fundamentos anteriormente expuestos, expedimos el presente recurso, revocamos la resolución recurrida y devolvemos el mismo al tribunal de instancia para la continuación con los procedimientos compatibles con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General