ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-110[1]

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrida<br><br>v.<br><br>**NORBERTO RIVERA SÁEZ**<br><br>Peticionario | TA2025CE00604 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Aibonito**<br><br>Civil Núm.:<br>**B LE2025G0081**<br><br>Sobre:<br>L54 15889 VLNCIA DMSTCA/A3.1 Maltrato |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de noviembre de 2025.

Comparece ante nos el señor Norberto Rivera Sáez (Sr. Rivera Sáez o peticionario) mediante una *Petición de Certiorari* y nos solicita que revoquemos una determinación interlocutoria emitida durante una vista sobre el estado de los procedimientos celebrada el 9 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI), y recogida en la *Minuta* convertida en *Resolución*.[2] En particular, el TPI denegó la solicitud del Sr. Rivera Sáez para que el Ministerio Público le brindara, como parte del descubrimiento de prueba, copia de un "PDF" preparado por la División de Crímenes Cibernéticos de la Policía de Puerto Rico con imágenes íntimas de la señora Lizmarie Báez Emanuelli (Sra. Báez Emanuelli).

---

[1] OATA-2025-202.
[2] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TA, Entrada Núm. 1, Anejo 2. Notificada y archivada en autos el 18 de septiembre de 2025.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado.

## I.

El presente caso tiene su génesis el 16 de marzo de 2025, cuando el Ministerio Público presentó una (1) denuncia en contra del peticionario por infringir el Artículo 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, mejor conocida como la *Ley para la Prevención e Intervención con la Violencia Doméstica*, 8 LPRA sec. 631 (Ley 54).[3] Según se desprende de la denuncia, se le imputó cometer violencia psicológica en contra de la Sra. Báez Emanuelli, con quien sostuvo una relación sentimental y procreó un hijo, por hechos ocurridos el 15 de marzo de 2025, consistentes en que el peticionario le envió cincuenta (50) correos electrónicos a la Sra. Báez Emanuelli sobre conversaciones y fotos de índole sexual de ésta. Asimismo, que la llamó para cuestionarle si había recibido los correos electrónicos, creando en la Sra. Báez Emanuelli sentimientos de miedo paralizador, inseguridad, autoestima debilitada, humillación, entre otros.

Según surge del expediente ante nos, el 31 de marzo de 2025, el peticionario presentó una *Urgente Moción en Oposición a "Moción en Solicitud de Vista Privada durante Etapa de Vista Preliminar" y Solicitando "Hinton Hearing" de Ser Necesario*.[4]

Conforme se desprende del referido documento, el 26 de marzo de 2025, el Ministerio Público solicitó que la vista preliminar fuera celebrada de manera cerrada, debido a la naturaleza de las alegaciones y las fotos íntimas sexuales de la Sra. Báez Emanuelli que mostraría como prueba. El Sr. Rivera Sáez se opuso y señaló que las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, permitían la limitación de acceso a las vistas preliminares solo cuando

---

[3] *Íd.*, Anejo 1.
[4] *Íd.*, Anejo 6 del Anejo 3.

declarara una víctima en casos de actos impúdicos o lascivos, o cuando fuera necesario proteger un interés apremiante.

Apuntaló que, en el presente caso, no se imputaban actos lascivos ni existía un interés apremiante que proteger. Sobre esto último en particular, el peticionario aludió a que la Sra. Báez Emanuelli fue quien se tomó las fotos y las guardó en un correo electrónico que ella misma creó. Inclusive, manifestó que las fotos mostraban conducta delictiva constitutiva de adulterio.

Celebrada la vista preliminar, el TPI encontró causa probable para juicio en contra del Sr. Rivera Sáez por tres (3) delitos adicionales.[5] Específicamente, por los Artículos 171 y 173 de la Ley Núm. 146 de 30 de junio de 2012, según enmendada, mejor conocida como el *"Código Penal de Puerto Rico" de 2012*, 33 LPRA secs. 5237 y 5239; y por el Artículo 4 de la Ley Núm. 21 de 5 de agosto de 2021, según enmendada, mejor conocida como la *Ley Contra la Venganza Pornográfica de Puerto Rico*, 33 LPRA sec. 1344.

Asimismo, el 22 de abril de 2025, el Ministerio Público acusó al peticionario por el delito bajo la Ley 54.[6]

El 22 de julio de 2025, el Sr. Rivera Sáez presentó una *Moción al Amparo de la Regla 95 de las de Procedimiento Criminal* solicitando varias piezas de evidencia e información del Ministerio Público.[7]

El 9 de septiembre de 2025, el foro primario celebró una vista de estado de los procedimientos, cuya *Minuta* obra en el expediente ante nos.[8] Allí, el foro *a quo* hizo constar la solicitud del peticionario, pero declinó ordenarle al Ministerio Público a que enviara por correo electrónico el material objeto de descubrimiento. Ello toda vez que la Regla 95 de Procedimiento Criminal, *supra*, R. 95, permite, entre

---

[5] *Íd.*, Anejo 7 del Anejo 3.
[6] *Íd.*, Anejo 8 del Anejo 3.
[7] *Íd.*, Anejo 9 del Anejo 3.
[8] *Íd.*, Anejo 1.

otras, la inspección de la prueba. Ante ello, la defensa del Sr. Rivera Sáez expresó no tener reparo con acudir a la Fiscalía con un dispositivo para duplicar la prueba y argumentó que sería una violación al debido proceso de ley si solo se le permitía inspeccionarla. Sostuvo que el Ministerio Público no tenía ningún interés en proteger el material, aunque fuera caracterizado como pornográfico.

Por su parte, el Ministerio Público arguyó que el dispositivo que contenía el material en cuestión no estaba en su posesión toda vez que se encontraba en una bóveda del tribunal, ya que era evidencia de una vista preliminar relacionada que se encontraba activa. De manera que, hasta que no culminara dicho proceso, el Ministerio Público no tenía acceso a la prueba para copiársela al peticionario. En adición, informó que el material, efectivamente, incluía fotos de personas desnudas. Así pues, el TPI determinó que no permitiría la copia de la prueba.

Ante ello, la defensa insistió que la Policía de Puerto Rico creó un "PDF" con múltiples enlaces con información de datos técnicos que reflejaban, entre otras cosas, cuándo se enviaron los correos electrónicos y quién los envió. Aludió que dicha información era útil para preparar la defensa, no así el material audiovisual e imágenes pornográficas. Esgrimió que se trataba de más de dos mil (2,000) documentos cuya inspección requeriría varios meses.

El foro *a quo* sostuvo su determinación de no permitir el duplicado y, siendo así, ordenó al Ministerio Público a permitirle el acceso e inspección del material a la defensa, o a quien este designare para ello, cuantas veces fuera necesario. Asimismo, dispuso que la *Minuta* se convirtiera en *Resolución,* la cual fue notificada el 18 de septiembre de 2025.[9]

---

[9] *Íd.*, Anejo 2.

Inconforme, el 3 de octubre de 2025, el peticionario presentó una *Moción de Reconsideración.*[10] En síntesis, reiteró que no le interesaba acceder al material pornográfico sino a los datos técnicos y forenses del archivo electrónico, así como que entendía irrazonable que la defensa y su perito se trasladaran a la Fiscalía para inspeccionar prueba tan extensa. Asimismo, resaltó que la denegatoria a la duplicación era injustificada toda vez que el Ministerio Público no tenía un interés legítimo que proteger. En ese sentido, expuso que existían alternativas menos onerosas, como la expedición de órdenes protectoras, para evitar la divulgación indebida del material sensitivo.

Ante ello, el 8 de octubre de 2025, el TPI emitió una *Resolución* en la que dispuso "NADA QUE PROVEER. EN LA VISTA DEL 9 DE SEPTIEMBRE DE 2025, LA DEFENSA SOLICITÓ RECONSIDERACIÓN Y LA MISMA FUE DECLARADA NO HA LUGAR".[11]

Aún inconforme, el 12 de octubre de 2025, el Sr. Rivera Sáez presentó ante nos una *Petición de Certiorari* en la que señaló al TPI por la comisión del siguiente error:

> **PRIMERO: ERRÓ EL TPI AL NEGAR LA ENTREGA A LA DEFENSA DEL COMPARECIENTE LA ENTREGA [sic] DE COPIA DEL DOCUMENTO/INFORME FORENSE PREPARADO POR LA DIVISIÓN DE CRÍMENES CIBERNÉTICOS DE LA POLICÍA DE PUERTO RICO, QUE SURGE A RAÍZ DE LA ALEGADA EXTRACCIÓN DE DATOS DEL TELÉFONO CELULAR DE LA ALEGADA VÍCTIMA Y QUE ASCIENDE A MÁS DE SIETE MIL (7,000) PÁGINAS.**

Por su parte, el 22 de octubre de 2025, el Pueblo de Puerto Rico (recurrido), a través de la Oficina del Procurador General, presentó su alegato en oposición mediante un *Escrito en Cumplimiento de Resolución.* Así las cosas, el 29 de octubre de 2025, el peticionario interpuso una *Moción en Torno a "Escrito en Cumplimiento de Resolución",* en el que reiteró los planteamientos

---

[10] *Íd.*, Anejo 3.
[11] *Íd.*, Anejo 3 del Anejo 3.

expuestos en su petición de *certiorari* y señaló que el alegato del recurrido estaba fundamentado en una premisa incorrecta toda vez que las imágenes de índole sexual, justificación para negar la entrega del documento, no eran indispensables para la defensa.

Así, con el beneficio de la comparecencia de ambas partes y del expediente ante nos, procedemos a disponer del presente recurso, no sin antes delimitar la normativa jurídica aplicable.

**II.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones realizadas por un foro inferior y cuya expedición descansa en la sana discreción del tribunal. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz De León*, 176 DPR 913, 917-918 (2009).

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012) (bastardillas en el original). No obstante, "en el ámbito judicial, la discreción no debe hacer abstracción del resto del Derecho. . . . Es decir, *discreción* es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd.,* (citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)) (bastardillas en el original); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que esta Curia se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty, supra*, págs. 96-97.

Expuesta la normativa jurídica aplicable, procedemos disponer del recurso instado ante nos.

**III.**

En el presente asunto, el Sr. Rivera Sáez recurre de la denegatoria del TPI para entregarle copia del "PDF" preparado por la División de Crímenes Cibernéticos de la Policía de Puerto Rico que contiene imágenes íntimas de la Sra. Báez Emanuelli. Arguye que la determinación del foro *a quo* laceró su derecho a preparar una defensa adecuada toda vez que el documento solicitado cuenta con más de siete mil (7,000) páginas y se le dificultará comparecer a la

Fiscalía para inspeccionar un documento sumamente técnico y voluminoso.

Ciertamente, "[n]uestra Constitución garantiza el derecho de todo acusado a preparar adecuadamente su defensa" por medio del descubrimiento de prueba. *Pueblo v. Rodríguez González,* 202 DPR 258, 269 (2019). No obstante, este derecho no es absoluto. *Pueblo v. Olmeda Zayas,* 176 DPR 7, 14 (2009); *Pueblo v. Arocho Soto,* 137 DPR 762, 766 (1994). Particularmente, "[e]l aludido derecho del acusado al descubrimiento de prueba **está particularmente limitado cuando incide sobre el derecho a la intimidad** de la víctima u de otro testigo." *Pueblo v. Arocho Soto, supra,* pág. 767 (énfasis suplido). Lo anterior se hace más patente al ser reconocida la intimidad como un derecho de rango constitucional. Artículo II, Sección 8, Const. PR, LPRA Tomo I; *Pueblo v. Arocho Soto, supra,* pág. 768; *Pueblo v. De León Martínez,* 132 DPR 746 (1993); *Arroyo v. Rattan Specialties, Inc.,* 117 DPR 35 (1986).

Además, resaltamos que, si bien es harto conocido que se propicia "un amplio descubrimiento de prueba como instrumento básico para hallar la verdad, lo anterior no es carta blanca que requiera que se realice de la forma en que una de las partes pretende, porque le resulta más fácil y conveniente". *Pueblo v. Sanders Cordero,* 199 DPR 827, 847 (2018) (nota al calce omitida).

Establecido lo anterior, y tras un examen minucioso y sosegado del expediente ante nos, no encontramos indicio o ápice alguno de que el foro *a quo* hubiese actuado de forma arbitraria o caprichosa, abusado al ejercer su discreción, o cometido algún error de derecho. Es decir, no se evidencia falta atribuible al foro primario, de modo que nos mueva a expedir el auto de *certiorari,* conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

## IV.

Por las razones discutidas anteriormente, resolvemos denegar expedir el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones