ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSÉ RAMÓN CAMACHO TORRES<br><br>Peticionario | KLCE202400316 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>CRIM. NÚM.: ISCR202300826 Y OTROS<br><br>Sobre: Art. 93A CP Y OTROS |

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 10 de abril de 2024.

Mediante un recurso de *certiorari* presentado el 14 de marzo de 2024, comparece el Sr. José Ramón Camacho Torres (señor Camacho Torres o peticionario). Requiere la revocación de la *Resolución* dictada el 12 de febrero de 2024 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala de Mayagüez (TPI). Por medio del dictamen recurrido, el TPI declaró no ha lugar la *Moción en cumplimiento con Resolución y/u Orden* instada por el peticionario. En consecuencia, el TPI denegó el descubrimiento de prueba en torno al inciso W, conforme expuesto en la *Moción solicitando descubrimiento de prueba al amparo de la Regla 95 de Procedimiento Criminal* presentada por el señor Camacho Torres.

Anticipamos la denegación del recurso discrecional de *certiorari.*

**I.**

Por hechos presuntamente ocurridos el 4 de noviembre de 2022 en el Municipio de Lajas, el Pueblo de Puerto Rico (Ministerio Público o recurrido) presentó sendas denuncias en contra del señor

Camacho Torres por los delitos de *Asesinato en primer grado* (Art. 93 A) y *Destrucción de prueba*, (Art. 285), según tipificados en el Código Penal de Puerto Rico de 2012.[1] Además, presentó tres denuncias por una trilogía de infracciones a la Ley de Armas de Puerto Rico de 2020, a saber: Artículo 6.05 (*Portación, transportación o uso de armas de fuego sin licencia*); Artículo 6.14 B (*Disparar o apuntar armas de fuego*); y Artículo 6.22 (*Fabricación, distribución, posesión y uso de municiones; importación de municiones*).[2] En síntesis, al peticionario se le imputó, en común y mutuo acuerdo con otras cuatro personas, la comisión del asesinato por acecho de Jonathan Moisés López Merced, mediante un arma de fuego de calibre .40. El Sr. Carlos Javier Caraballo Caraballo es uno de los cuatro señalados en la denuncia y a su vez, figura como testigo del Ministerio Público.

El 13 de enero de 2023, el TPI encontró causa para arresto en contra del señor Camacho Torres. Luego de varias sesiones del proceso de vista preliminar, el 12 de septiembre de 2023, el TPI encontró causa para la celebración de juicio por cada uno de los delitos antes descritos.[3] Surge de los autos que el señor Caraballo Caraballo testificó en el proceso de la etapa preliminar.

Con fecha de 22 de noviembre de 2023, el señor Camacho Torres incoó la *Moción solicitando descubrimiento de prueba al amparo de la Regla 95 de Procedimiento Criminal.*[4] En lo que nos atañe, en el inciso W expresó:

.    .    .    .    .    .    .    .

> Que ordene al Ministerio Fiscal descubrir toda la prueba, evidencia, documentos, videos o cualquier otro documento en su poder sobre la investigación, arresto y acusación en contra del Sr. Carlos J. Caraballo Caraballo para la intervención del 7 de diciembre de 2022. Entregar toda orden de registro y allanamiento,

---

[1] 33 LPRA secs. 5142 y 5378. Apéndice del recurso, págs. 3-4; 11-12
[2] 25 LPRA sec. 466d, 466m y 466u. Apéndice del recurso, págs. 5-10.
[3] Apéndice del recurso, págs. 41-50. Casos ISCR202300826, ISCR202300827, ISCR202300828 ISCR202300829 y ISCR202300830.
[4] Apéndice del recurso, págs. 51-54.

copia de evidencia ocupada, todas las notas de los agentes que trabajan con la investigación, arresto y acusación. Evidencia de balística, del arma ocupada, y todo informe relacionado con las denuncias número 2022-03-401-00143 radicadas en 7 de diciembre de 2022. Toda evidencia relacionada al caso en su contra.

.        .        .        .        .        .        .        .

**Aun cuando surge del expediente que el 14 de diciembre de 2023, el Ministerio Público presentó su postura en torno a la petición, el señor Camacho Torres no anejó el escrito judicial instado ante el TPI**. El peticionario se limitó a decir que el recurrido objetó los incisos U[5] y W por constituir una expedición de pesca.

Así las cosas, el 8 de enero de 2024, mediante dos mociones intituladas *Escrito en solicitud de orden* y *Escrito en solicitud de orden con relación a descubrimiento de evidencia*, el señor Camacho Torres solicitó al TPI que ordenara al Ministerio Público a develar lo peticionado en el inciso W para fines de impugnación. Además, requirió información sobre los beneficios que el testigo Caraballo Caraballo haya recibido por declarar.[6] El 12 de enero de 2024, notificado el día 19 siguiente, el TPI ordenó lo que sigue:[7]

### RESOLUCIÓN Y/U ORDEN

Examinado el **ESCRITO EN SOLICITUD DE ORDEN**, este tribunal dispone:

El Ministerio Público deberá informar por escrito a la defensa, si existe acuerdo de inmunidad con el testigo Carlos J. Caraballo Caraballo sea verbal o escrito. De igual manera, cualquier beneficio que se le haya ofrecido por declarar como Testigo de Cargo en el caso.

Examinado el **ESCRITO EN SOLICITUD DE ORDEN CON RELACIÓN A DESCUBRIMIENTO DE EVIDENCIA**, este tribunal dispone:

En cuanto a los incisos (u) y (w) de la moción sobre descubrimiento de prueba, la defensa deberá demostrar la pertinencia de lo solicitado. Deberá especificar la relación que tiene la solicitud con los hechos del caso. (Énfasis en el original, subrayado nuestro).

.        .        .        .        .        .        .        .

---

[5] El inciso U no es objeto de impugnación en este recurso.

[6] Apéndice del recurso, págs. 55-57; 58-59.

[7] Apéndice del recurso, págs. 60-61.

En respuesta, el 29 de enero de 2024, el Ministerio Público informó que, si bien no existía un acuerdo de inmunidad ni documento escrito que proveer, sí hubo conversaciones entre la Fiscal de Distrito y la representación legal del señor Caraballo Caraballo. El ofrecimiento discutido consistió:[8]

.    .    .    .    .    .    .    .    .

> Por el Art. 93 CP - 10 años LAP[9] en modalidad de cooperador.
> Por el Art. 285 CP - 3 años concurrentes en LAP
> Archivo de todos los casos de la Ley de Armas.

.    .    .    .    .    .    .    .    .

Por su parte, en cuanto al inciso W, el 25 de enero de 2024, el señor Camacho Torres incoó la *Moción en Cumplimiento con Resolución y/u Orden,* a la que **unió dos querellas de la Policía de Puerto Rico**: la primera de 4 de noviembre de 2022 de los hechos imputados y la segunda de 7 de diciembre de 2022 de la intervención del señor Caraballo Caraballo.[10] Aseveró que:

.    .    .    .    .    .    .    .    .

> 2. Para la fecha de 7 de diciembre de 2022, la Policía de Puerto Rico llev[ó] a cabo un registro y allanamiento según se desprende del Informe de Querella número 2022:3-401:000143 confeccionado por la agente Marisol Ortiz Santiago. (*Véase Anejo II*)
>
> 3. Según se desprende de dicho informe se ocupó en la residencia del [s]eñor Carlos Javier Caraballo quien es el testigo del Ministerio Público, una pistola marca Glock Calibre 9 mm, 58 municiones 9 mm y evidencia adicional.
>
> 4. En el informe de querella 2022:3-401:000143, el calibre 9 mm encontrado en la escena del McDonald's de Lajas es el mismo calibre que se le ocupó al [t]estigo Carlos Javier Caraballo en su residencia el día 7 de diciembre de 2022 durante el allanamiento realizado.
>
> 5. Entendemos a base de lo anterior que es más que pertinente se produzca todo lo solicitado por el acusado y su defensa en cuanto a los incisos (u) y (w) de la Moción de Descubrimiento de Prueba para poder prepararnos y contrainterrogar eficientemente a ambos testigos. Esto es, todo documento o investigación,

---

[8] Apéndice del recurso, págs. 62-63.

[9] Siglas de "libertad a prueba"; véase, Artículo 51 del Código Penal de 2012, 33 LPRA sec. 5084.

[10] Apéndice del recurso, págs. 64-66, con anejos a las págs. 67-94; reproducidos también a las págs. 13-28 y 29-40.

entrevista y cualquier evidencia pertinente que posea el Ministerio Público o pueda solicitar, a cualquier otra instrumentalidad o Gobierno.

.      .      .      .      .      .      .      .

Cabe mencionar que **el peticionario incluyó en los autos ante este foro intermedio tres denuncias contra el señor Caraballo Caraballo por los hechos antes narrados de 7 de diciembre de 2022**.[11]

Subsiguientemente, el 29 de enero de 2024, notificada al día siguiente, el TPI pronunció:[12]

### RESOLUCIÓN Y/U ORDEN

Examinado la **MOCIÓN EN CUMPLIMIENTO CON RESOLUCIÓN Y/U ORDEN**, este tribunal dispone:

a. En cuanto al <u>inciso U</u> de descubrimiento de prueba, <u>no se ha cumplido</u> con el crisol de establecer la pertinencia ni de que dichas investigaciones contaban con prueba exculpatoria.

b. En cuanto al inciso W de Moción sobre descubrimiento de prueba, el Ministerio Público deberá informar las razones por las cuales no se deba permitir <u>el descubrimiento en cuanto al arma ocupada al Sr. Carlos J. Caraballo Caraballo</u>.

c. <u>Se ordena a Secretaría desglosar inmediatamente a la defensa los documentos anejados con la moción. Resulta improcedente someter documentos al Tribunal en un juicio que aún no ha comenzado</u>. (Énfasis en el original, subrayado nuestro).

.      .      .      .      .      .      .      .

A tales efectos, el 8 de febrero de 2024, el Ministerio Público presentó la *Moción en cumplimiento de Orden*.[13] De entrada, protestó por la inclusión de los documentos que el TPI ordenó desglosar, en referencia a las querellas de la Policía de Puerto Rico de 4 de noviembre de 2022 y 7 de diciembre de 2022. Con relación a la solicitud de descubrimiento de prueba esgrimida en el inciso W, el recurrido indicó que la petición era impertinente. El Ministerio Público aseveró que el planteamiento del señor Camacho Torres era

---

[11] Apéndice del recurso, págs. 99-104.
[12] Apéndice del recurso, págs. 95-96.
[13] Apéndice del recurso, págs. 97-98.

erróneo e inducía a error. En específico, enunció que el arma de fuego ocupada en la residencia del señor Caraballo Caraballo de calibre 9 mm, en la jurisdicción de Ponce, "en nada [tenía] que ver con el caso que nos ocupa" ni estaba en posesión del recurrido. Añadió que la evidencia ocupada en la intervención de 7 de diciembre de 2022 no iba a ser utilizada. **Explicó que la prueba establecida en la vista preliminar fue que el único calibre ocupado en la escena del asesinato de Jonathan Moisés López Merced fue de calibre .40**. Afirmó, además, que toda la prueba que obraba en el sumario fiscal fue entregada. Finalmente, expresó: "Una vez establecido que el calibre ocupado en la escena fue diferente al calibre que alega la defensa se le ocupó al Sr. Carlos Caraballo, la defensa no ha podido poner en posición a este Tribunal en cuanto a la pertinencia y materialidad de lo solicitado".

Entonces, el 13 de febrero de 2024, el TPI notificó la *Resolución y/u Orden* aquí impugnada. En ésta, declaró No Ha Lugar el descubrimiento solicitado en el inciso W.[14] Inconforme, el señor Camacho Torres acudió oportunamente ante nos y señaló la comisión del siguiente error:

> COMETIÓ ERROR EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "NO HA LUGAR" EL DESCUBRIMIENTO DE PRUEBA SOLICITADO YA QUE EL TESTIGO DEL MINISTERIO PÚBLICO ERA QUIEN ESTABA SIENDO INVESTIGADO POR VARIOS ASESINATOS Y TODA LA PRUEBA DE IMPUGNACIÓN ES EVIDENCIA EXCULPATORIA Y LA MISMA TIENE QUE SER DESCUBRIBLE A UN ACUSADO PREVIO AL JUICIO.

Acordamos eximir a la parte recurrida de presentar su alegato en oposición, en armonía con la Regla 7 (B) (5) de nuestro Reglamento. Como se conoce, la norma provee para que este Tribunal de Apelaciones prescinda de "términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el

---

[14] Apéndice del recurso, págs. 1-2.

propósito de lograr su más justo y eficiente despacho". 4 LPRA Ap. XXII-B, R. 7 (B) (5).

**II.**

**A.**

El auto de *certiorari* es un vehículo procesal de naturaleza discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró, supra*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así, pues, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

En cuanto a este foro revisor, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra*. En virtud de lo anterior, para ejercer sabia y prudentemente nuestra facultad discrecional, al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones,

*Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De ordinario, **este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia citada.

### B.

De acuerdo con nuestro esquema constitucional, toda persona tiene derecho a un debido proceso de ley como condición previa a ser privado de su libertad. Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1, ed. 2023. A esos fines, todo imputado de delito tiene derecho "a preparar adecuadamente su defensa y a obtener, mediante descubrimiento de prueba, la evidencia que pueda favorecerle". *Pueblo v. Arocho Soto*, 137 DPR 762, 766 (1994). El

Tribunal Supremo ha reiterado que el derecho a un descubrimiento de prueba es consustancial con el derecho a defenderse en un proceso criminal, consagrado en la Carta de Derechos de nuestra Constitución.[15] *Pueblo v. Rodríguez González*, 202 DPR 258, 270 (2019); *Pueblo v. Guzmán*, 161 DPR 137, 147 (2004); *Pueblo v. Santa Cruz*, 149 DPR 223, 231 (1999).

Una prueba favorable puede consistir tanto en **prueba sustantiva exculpatoria como de impugnación**. *Pueblo v. Torres Feliciano*, 201 DPR 63, 73 (2018), que cita a *Brady v. Maryland*, 373 US 83 (1973). A esos efectos, el alto foro ha indicado:

> [La] prueba exculpatoria no es toda prueba que por sí sola es capaz de producir la absolución del acusado sino **aquella que puede favorecerlo**, sin considerar su materialidad o confiabilidad. Por su parte, **la prueba de impugnación es "prueba favorable"** para efectos de *Brady v. Maryland*, *supra*, pues, de ser utilizada efectivamente por la defensa, **puede representar la diferencia entre una absolución y una convicción**. (Citas suprimidas y énfasis nuestro). *Pueblo v. Torres Feliciano*, *supra*, pág. 73.

Claro está, la naturaleza, la calidad y el peso de la prueba favorable es igual o más importante que la existencia misma de la evidencia. Es decir, la prueba no sólo debe ser favorable al acusado, sino también material a su culpabilidad o castigo. *Id.*, pág. 74. Una evidencia es material si existe una probabilidad razonable de variar el resultado del proceso criminal. *Id.*, pág. 75, que cita a *United States v. Bagley*, 473 US 667 (1985). El Tribunal Supremo, a su vez, ha ilustrado sobre los conceptos de relevancia, pertinencia y materialidad:

> Por un lado, **relevancia y pertinencia son conceptos que corresponden al ámbito del descubrimiento de prueba**. Se refieren al **criterio general con el que determinada prueba debe cumplir para ser descubrible**. En lo criminal, además de prueba relevante o pertinente a la defensa del acusado, el Ministerio Público está obligado, por imperativo constitucional, a **descubrir indicios de falsedad en la prueba del Estado y prueba exculpatoria**. Por otro lado, materialidad se refiere al estándar desarrollado

---

[15] Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1, ed. 2023.

por el Tribunal Supremo federal para examinar cuándo procede dejar sin efecto una convicción y conceder un nuevo juicio ante la supresión de prueba favorable. (Citas suprimidas y énfasis nuestro). *Pueblo v. Torres Feliciano, supra,* pág. 77.

Cónsono con lo anterior, la Regla 95 de Procedimiento Criminal, 34 LPRA Ap. II, R. 95, regula el descubrimiento de prueba del Ministerio Público en favor del acusado. La norma procesal establece lo siguiente:

(a) El acusado presentará moción al amparo de esta Regla dentro en un término de cumplimiento estricto de veinte (20) días contados a partir de: i) la celebración del acto de lectura de acusación en los casos que se impute la comisión de un delito grave; o ii) la primera comparecencia del acusado al proceso asistido por el abogado que habrá de representarlo en el juicio, en los casos en que se impute la comisión de un delito menos grave. En el caso que la persona acusada manifieste que se representará por derecho propio, el tribunal deberá advertirle desde cuándo comienza a discurrir el término establecido en esta Regla, así como las consecuencias de su incumplimiento. Sometida la moción de la defensa conforme a lo dispuesto en esta Regla, el tribunal ordenará al Ministerio Fiscal o a cualquier agencia o instrumentalidad pública que permita al acusado inspeccionar, copiar o fotocopiar el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal o a cualquier agencia o instrumentalidad pública:

(1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.

(2) Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas de éstos.

(3) Cualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal.

(4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea **relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado**.

(5) El récord de convicciones criminales previas del acusado.

(6) Cualquier informe preparado por agentes de la Policía **en relación con las causas seguidas contra el acusado que sea relevante para preparar adecuadamente la defensa** del acusado. El descubrimiento de esta prueba estará sujeto a las siguientes condiciones:

(A) Que los objetos, libros, documentos y papeles que el acusado interesa examinar **se relacionan o describen con suficiente especificación**;

(B) que no afecte la seguridad del Estado ni las labores investigativas de sus agentes policiacos, y

(C) la correspondiente moción del acusado sea presentada con suficiente antelación a la fecha señalada para la celebración del juicio, de manera que no haya innecesarias dilaciones en los procedimientos ni se produzcan molestias indebidas a los funcionarios del Estado.

(b) **El Ministerio Fiscal revelará toda aquella evidencia exculpatoria del acusado que tenga en su poder.**

(c) La defensa deberá incluir, junto con la solicitud de Descubrimiento de Prueba, las órdenes necesarias para solicitar el material o la información que [prevé] que el Ministerio Público no tendrá bajo su custodia, dirigidas a las personas o entidades que la poseen, custodian o controlan. El Ministerio Público deberá entregar la información y/o material solicitado que tenga bajo su custodia o control e informar al tribunal si existe algún material o información que le fue solicitada, pero que no se encuentra bajo su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posea, custodie o controle, que la ponga a la disposición del acusado.

(d) No estarán sujetos a descubrimiento o inspección de la defensa los escritos de investigación legal, informes, memorandos, correspondencia u otros documentos internos que contengan opiniones, teorías o conclusiones del Ministerio Fiscal.

(e) **Toda información y/o material que se pretenda solicitar y no esté enumerado en esta Regla, deberá venir acompañado de una explicación sobre la necesidad o pertinencia que tiene el mismo para la defensa del acusado**. (Énfasis nuestro).

Del mismo modo, la Regla 95B, 34 LPRA Ap. II, R. 95B, entre otros extremos, impone a las partes el deber continuo de informar, establece el término de diez días antes del juicio para completar el proceso de descubrimiento y faculta al tribunal para emitir las órdenes necesarias en el caso de incumplimiento.

**III.**

En la presente causa, el señor Camacho Torres arguye que el TPI incidió al descartar el descubrimiento de prueba solicitado en el inciso W. En éste, el peticionario solicitó el descubrimiento de toda la prueba vinculada con la intervención del 7 de diciembre de 2022 en contra del señor Caraballo Caraballo, en particular, la evidencia de la pistola de calibre 9 mm supuestamente ocupada a éste en la jurisdicción de Ponce.

Ante la oposición del Ministerio Público, el TPI indagó sobre la pertinencia de lo solicitado e instó al señor Camacho Torres a especificar la **relación de su petición con los hechos del caso**. En respuesta, el señor Camacho Torres aludió al registro y allanamiento aparentemente efectuados el 7 de diciembre de 2022 al señor Caraballo Caraballo y a la ocupación de una pistola de calibre 9 mm. **Sostuvo que el mismo calibre fue encontrado en la escena del asesinato** de Jonathan Moisés López Merced, por el cual es acusado. Añadió que la producción de la evidencia era con fines de impugnación y para preparar el contrainterrogatorio.

Como cuestión de umbral, según reseñado, debemos apuntar la impropiedad del peticionario al incluir documentos que el TPI no consideró en su determinación e incluso ordenó su inmediato desglose. Este foro revisor igualmente tiene que descartar lo que no fue tomado en cuenta por el foro impugnado.[16] De otro lado, es evidente que el señor Camacho Torres decidió omitir la inclusión de, por lo menos, un escrito judicial esencial, instado por el recurrido. Nos referimos a la postura del Ministerio Público con respecto a la solicitud que presentó el peticionario al palio de la Regla 95 de Procedimiento Criminal, *supra.*

---

[16] Véase, Regla 74 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 74 (B).

Independientemente de lo anterior, lo cierto es que, según se desprende de una de las cinco acusaciones en contra del peticionario, en específico, la acusación por la infracción al Artículo 6.22 de la Ley de Armas de 2020, el señor Camacho Torres fue imputado porque "ilegal, voluntaria, intencional, maliciosa, con conocimiento, a propósito, a sabiendas, criminalmente y actuando en común y mutuo acuerdo con [...] CARLOS JAVIER CARABALLO CARABALLO [...] poseyó, usó, portó y transportó **municiones calibre .40, las cuales fueron utilizadas en el arma de fuego con la que le ocasionó la muerte** a Jonathan Moisés López Merced".[17] Adviértase también que el Ministerio Público indicó que la prueba testifical y documental vertida en el procedimiento de vista preliminar estuvo relacionada **únicamente** con el calibre .40. Asimismo, el recurrido aseguró que le **entregó a la representación legal del señor Camacho Torres toda la evidencia que obra en el sumario fiscal del caso**.

Es sabido que el Ministerio Público está compelido a entregar la evidencia exculpatoria y favorable que esté bajo el poder del Estado. Claro está, ello no equivale a que el imputado tenga derecho a realizar una expedición de pesca en otro sumario fiscal, en alusión al de la región de Ponce. Por ello, corresponde al TPI justipreciar si la evidencia solicitada cumple con los criterios reglamentarios y jurisprudenciales. En esta causa, el señor Camacho Torres falló en poner en posición al TPI, y a este foro intermedio, de que lo relacionado con el arma de calibre de 9 mm cumple con el estándar esbozado para que la prueba sea descubrible. Tratándose de calibres distintos, la evidencia solicitada no es pertinente ni relevante ni demuestra indicios de falsedad en la prueba que el Ministerio Público se propone utilizar en el juicio.

---

[17] Apéndice del recurso, pág. 47.

Nótese, por otro lado, que el Ministerio Fiscal sí informó sobre el ofrecimiento verbal de la Fiscal de Distrito al testigo del pueblo. Por supuesto, al amparo de la Regla 95B de Procedimiento Criminal, *supra*, las partes tienen el deber continuo de informar, por lo que, si se produce un acuerdo escrito con el testigo Caraballo Caraballo, se espera que el mismo sea remitido al peticionario. Véase, *Giglio v. United States*, 405 US 150 (1972).

Así, pues, tras un cuidadoso análisis de aquellos documentos pertinentes al caso del título y los planteamientos del peticionario, bajo el crisol de la doctrina jurídica atinente y a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra*, concordamos en que debemos abstenernos de ejercer nuestra función revisora. Recuérdese que nuestra máxima curia ha opinado que "**la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia**". (Énfasis nuestro). *Citibank et al. v. ACBI et al.*, *supra*, pág. 735. Ciertamente, no atisbamos algún vicio al debido proceso de ley ni a los derechos que cobijan al peticionario en esta etapa de los procedimientos que requieran intervenir con la discreción judicial al emitir el dictamen recurrido. Por lo tanto, procede denegar el recurso de *certiorari* solicitado.

**IV.**

En atención a lo expresado, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones