Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>**Parte Recurrida**<br><br>v.<br><br>JOSUÉ ROMERO AVILÉS<br><br>**Parte Peticionaria** | TA2025CE00389 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Utuado**<br><br>Caso Núm.:<br>**L IS2023G0003**<br><br>Sobre:<br>**ART. 133 DEL CÓDIGO PENAL** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

Comparece ante nos, Josué Romero Avilés, en adelante, Romero Avilés o peticionario, solicitando que revisemos la *"Resolución"* del Tribunal de Primera Instancia, Sala Superior de Utuado, en adelante, TPI-Utuado, el 24 de junio de 2025. En la misma, el Foro Recurrido denegó desestimar los cargos en contra del peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* el recurso solicitado.

**I.**

El 19 de noviembre de 2019 se presentó una denuncia contra Romero Avilés por el delito de Actos Lascivos, al amparo del Artículo 133(a) del Código Penal de Puerto Rico de 2012, en adelante, Código Penal, Ley Núm. 146-2012, 33 LPRA sec. 5194.[1] La Vista Preliminar

---

[1] Apéndice del recurso, Anejo 3.

fue pautada para el 2 de diciembre de 2019, y, según el recurso, concluyó el 11 de enero de 2023 con una determinación de *"No Causa Probable"* para acusar. Nos ilustra el peticionario que, inconforme, el Ministerio Público solicitó una Vista Preliminar en alzada. La misma fue celebrada el 12 de octubre de 2023, y en ella se determinó *"Causa Probable"* para acusar.

Posterior a la lectura de acusación el 26 de octubre de 2023, Romero Avilés presentó solicitud de descubrimiento de prueba, incluyendo evidencia exculpatoria, al amparo de la Regla 95 de Procedimiento Criminal, 34 LPRA Ap. II, R. 95. Según el escrito del peticionario, el 22 de noviembre de 2023, el Ministerio Público, con relación a la prueba exculpatoria, contestó que no tenía nada que proveer. Sin embargo, proveyó a la defensa del peticionario la prueba de su caso.

Romero Avilés alega que entre la evidencia provista se encuentra un documento de la Policía de Puerto Rico en el cual obra el testimonio de la madre del perjudicado. En la misma, fechada el 24 de abril de 2019, la madre del menor perjudicado documentó lo que su hijo alegadamente le narró que pasó con el peticionario. Aduce Romero Avilés que al mismo le faltaba la transcripción del final. No obstante, el desfile de la prueba del juicio comenzó el 10 de octubre de 2024.

Surge que durante el testimonio de la Agente Margarita Burgos Rosario, en adelante, Agente Burgos, comenzado el 10 de febrero de 2025, el Ministerio Público presentó el escrito de la madre del perjudicado.[2] Sin embargo, la defensa del peticionario advirtió que la versión original no era la misma que la copia que le fue entregada mediante el descubrimiento de prueba.

---

[2] Apéndice del recurso, Anejo 5.

Por estos hechos, el 17 de marzo de 2025, Romero Avilés radicó una solicitud de desestimación ante el TPI-Utuado.[3] En la misma, sostuvo que la situación con la discrepancia entre los documentos del testimonio en cuestión violaba el debido proceso de ley, entre otros derechos constitucionales consagrados en el Artículo II de la Sección 11 de la Constitución de Puerto Rico, 1 LPRA. El 7 de abril de 2025, el Ministerio Público presentó una réplica a la misma.[4] Arguyeron que el error entre los documentos fue uno de buena fe, que no generó daño a la defensa del peticionario, ya que durante las etapas iniciales del proceso, este había advenido en conocimiento de la información que surge del documento original.

Por su parte, el 28 de abril de 2025, el peticionario presentó una segunda moción de desestimación por no haberse presentado prueba exculpatoria en violación a sus derechos constitucionales.[5] El 16 de mayo de 2025, el Ministerio Público replicó a la misma.[6] Finalmente, el 24 de junio de 2025, el TPI-Utuado emitió una *"Resolución"* en la que declaró *"No Ha Lugar"* las solicitudes de desestimación de Romero Avilés.[7]

Por no estar de acuerdo, el peticionario presentó una solicitud de reconsideración el 9 de julio de 2025,[8] a la que se opuso el Ministerio Público el 24 de julio de 2025.[9] Así las cosas, el 11 de agosto de 2025, el TPI-Utuado emitió una *"Resolución"* declarando *"No Ha Lugar"* la petición de reconsideración de Romero Avilés.[10]

Inconforme, el 1 de septiembre de 2025, el peticionario recurrió ante nos mediante una *"Petición de Certiorari"* en la que hizo los siguientes planteamientos de error:

---

[3] Apéndice del recurso, Anejo 4.
[4] Apéndice del recurso, Anejo 7.
[5] Apéndice del recurso, Anejo 8.
[6] Apéndice del recurso, Anejo 9.
[7] Apéndice del recurso, Anejo 10.
[8] Apéndice del recurso, Anejo 11.
[9] Apéndice del recurso, Anejo 12.
[10] Apéndice del recurso, Anejo 2.

**Erró en derecho el Honorable Tribunal de Primera Instancia al concluir que el Ministerio Público no violó el derecho constitucional del señor Josué Romero Avilés a obtener prueba material y exculpatoria previo a la Vista preliminar y al derecho a un debido proceso de ley.**

**Erró el TPI y actuó en abuso de su discreción al no desestimar el caso de autos, pese a que el Ministerio Público incumplió con su deber de entregar prueba solicitada como parte del descubrimiento de prueba a favor del acusado, y prueba exculpatoria (impugnatoria) ocasionándole un perjuicio indebido al privarlo de su derecho constitucional a presentar prueba a favor, incluyendo prueba de coartada.**

El 5 de septiembre de 2025, este Tribunal emitió una *"Resolución"* en la que concedió a la parte recurrida hasta el 11 de septiembre de 2025 para presentar su posición en cuanto a la expedición del recurso, conforme a la Regla 37 del Reglamento del Tribunal Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 56-57, 215 DPR ___ (2025).

Luego de una breve prórroga, el Procurador General de Puerto Rico, en representación del Ministerio Público, presentó su *"Escrito en Cumplimiento de Orden"*. Perfeccionado el recurso, procedemos a expresarnos.

**II.**

**A. Certiorari Criminal**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Pueblo v. Guadalupe Rivera,* 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).

Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte

peticionaria". *Pueblo v. Díaz de León,* supra, pág. 918. Conviene destacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez,* supra, pág. 847; *Pueblo v. Custodio Colón,* 192 DPR 567, 588 (2015). *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo,* supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, pág. 59, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 209; *Pueblo v. Rivera Montalvo,* supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento

indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el Foro Apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

**B. Descubrimiento de Prueba**

Según nuestro Tribunal Supremo, el derecho de un imputado a defenderse de una acusación criminal en su contra, y a obtener,

mediante el descubrimiento de prueba, aquella evidencia que pueda favorecerle es uno de naturaleza fundamental. *Pueblo v. Sanders Cordero*, 199 DPR 827, 835 (2018); *Pueblo v. Custodio Colón,* 192 DPR 567, 584 (2015); *Pueblo v. Arocho Soto*, 137 DPR 762, 766 (1994); *Pueblo v. Rodríguez Sánchez*, 109 DPR 243, 246 (1979). Este mecanismo de descubrimiento está intrínsecamente atado al derecho constitucional del acusado a preparar una defensa adecuada. *Pueblo v. Custodio Colón,* supra, pág. 584; *Soc. Asist. Leg. v. Ciencias Forenses*, 179 DPR 849, 857 (2010).

Ahora bien, es necesario advertir que el referido derecho al descubrimiento de prueba a favor del acusado, aunque revestido de gran importancia, no es de carácter absoluto. *Pueblo v. Arocho Soto*, supra, pág. 766; *Pueblo v. Rodríguez Aponte*, 116 DPR 653, 668 (1985); *Pueblo v. Dones Arroyo,* 106 DPR 303, 314 (1977). Nuestro ordenamiento jurídico recoge y regula el derecho al descubrimiento de prueba, de manera estatutaria, mediante la Regla 95 de Procedimiento Criminal, supra. Esta dispone que, conforme a lo resuelto por nuestro Tribunal Supremo, constituye una barrera estatutaria contra las llamadas "expediciones de pesca" en los archivos del Ministerio Público. *Soc. Asist. Leg. v. Ciencias Forenses*, supra, pág. 857; *Pueblo v. Arzuaga*, 160 DPR 520, 530 (2003).

A consecución, la Regla 95 de Procedimiento Criminal, 34 LPRA Ap. II, R. 95, regula el proceso del descubrimiento de prueba entre las partes en los procesos de índole criminal. *Pueblo v. Custodio Colón*, supra, pág. 584. Particularmente, la Regla 95B, 34 LPRA Ap. II, R. 95B, dispone que, antes o durante el juicio, existe un deber continuo de informar a la otra parte cuando advenga en conocimiento de prueba adicional a la que ya fue divulgada.

### C. Evidencia exculpatoria

El Artículo II, Sección 11, de la Constitución de Puerto Rico, Art. II, Sec. 11, Const. PR, LPRA, Tomo 1, concede a los acusados

de delito un derecho a defenderse en el proceso en su contra. Es por esto que resulta tan visceralmente importante que el acusado tenga la oportunidad de llevar a cabo un descubrimiento de prueba. *Pueblo v. Custodio Colón*, supra, pág. 584; *Pueblo v. Guzmán*, 161 DPR 137, 147 (2004); *Pueblo v. Arzuaga*, supra, pág. 530; *Pueblo v. Santa-Cruz*, 149 DPR 223, 231 (1999); *Pueblo v. Echevarría Rodríguez I*, 128 DPR 299, 324 (1991).

Por ello, nuestro ordenamiento jurídico adoptó la norma de *Brady v. Maryland*, 373 US 83 (1963), mediante la cual, el Ministerio Público viene obligado a descubrir cualquier evidencia que sea relevante a la inocencia o el castigo del acusado, independientemente de la buena o mala fe del Estado. *Pueblo v. Vélez Bonilla*, 189 DPR 705, 718 (2013); *Pueblo v. Hernández García*, 102 DPR 506, 508-510 (1974). Su incumplimiento equivaldrá a una violación del debido proceso de ley. *Pueblo v. Vélez Bonilla*, supra, pág. 718.

Así, pues, se ha definido la *prueba exculpatoria* como "toda aquella que resulta favorable al acusado y que posee relevancia en cuanto a los aspectos de culpabilidad y castigo". *Pueblo v. Vélez Bonilla*, supra, pág. 720. No obstante, la misma no necesariamente es aquella que produciría la absolución del acusado, sino aquella que pudiera favorecer a este, sin tomar en cuenta la confiabilidad o materialidad de la prueba en cuestión. *Id,* pág. 719.

Por otro lado, es *prueba potencialmente exculpatoria* aquella que, al no haber sido preservada por el Estado, no se puede determinar a ciencia cierta si hubiese tenido algún valor exculpatorio. *Id*, pág. 725. En este caso, el Tribunal deberá tomar en consideración los siguientes factores:

> (1) determinar que la evidencia no está disponible por una acción u omisión del Estado; (2) determinar que la evidencia constituía evidencia pertinente conforme se define en la Regla 401 de Evidencia de Puerto Rico, y (3) determinar que,

según la teoría de la defensa, de estar disponible esta evidencia obraría a favor del acusado.

*Pueblo v. Vélez Bonilla*, supra, pág. 725.

De este modo, cae sobre el acusado la responsabilidad de poner en posición al Tribunal cómo la prueba en cuestión le será favorable. No empece lo anterior, conforme al estándar de prueba de probabilidad razonable que permea en los procesos de esta índole, no es responsabilidad del acusado demostrar que la *evidencia potencialmente exculpatoria* hubiese probado su inocencia. *Id,* págs. 725-726. Será suficiente que demuestre que dicha prueba disminuiría la confianza en el resultado. *Id.*

De cumplir con estos requisitos, corresponderá al Ministerio Público presentar las circunstancias que provocaron la pérdida o destrucción de la *evidencia potencialmente exculpatoria.* Por consiguiente, el Tribunal deberá determinar si la actuación del Estado constituyó mala fe o negligencia. *Pueblo v. Vélez Bonilla,* supra, pág. 726. De entender que se debió a la mala fe, procederá la desestimación. *Id.*, pág. 726. De este modo, se considerará *mala fe* "la actuación intencional o el esfuerzo consciente de un agente o funcionario del Estado de desaparecer la evidencia buscando afectar así el resultado del proceso criminal". *Id,* pág. 722.

Por otro lado, si la pérdida de la prueba es producto de la negligencia del Estado, tendrá el acusado una presunción a su favor, conforme a la Regla 301(c) de Evidencia, 32 LPRA Ap. VI., R. 301. *Pueblo v. Vélez Bonilla,* supra, pág. 726. Se entenderá por *negligencia* "aquella circunstancia en la que el Estado haya fallado en ejercer el cuidado que una persona común ejercería". *Id,* pág. 725. Por último, de no haber sido por ninguna de las anteriores, se considerará que no ha habido una violación al debido proceso de ley. *Id,* pág. 726.

**III.**

Romero Avilés recurre ante nos solicitando nuestra revisión de la decisión del TPI-Utuado de no desestimar los cargos en su contra, por entender que el Ministerio Público violó sus derechos constitucionales. Sostiene que estos retuvieron evidencia, según este, exculpatoria.

Sin embargo, de un examen sosegado del expediente y el pronunciamiento del cual se recurre, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario. Nuestra decisión de expedir o denegar recursos como el solicitado, es una discrecional y no constituye una adjudicación en los méritos.

Por tanto, al amparo del sentido de la prudencia y conforme a los criterios reglamentarios esbozados en la Regla 40, supra, los cuales delimitan nuestra intervención en este tipo de recursos, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

**IV.**

Por los fundamentos antes expuestos, *denegamos expedir el recurso de certiorari solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones